UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTA HALLOWELL, | : |
| Plaintiff, | : |
| V. | : CASE NO. 3:06-CV-0412 (RNC) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

RULING AND ORDER

Plaintiff brought this action in state court claiming that an employee of the United States Department of Housing and Urban Development ("HUD") had failed to properly investigate her complaint of discriminatory housing practices, tampered with evidence associated with her original complaint, and made false statements. The action was removed and the United States was substituted as the defendant pursuant to section 2679(d)(2) of the Federal Torts Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b) and 2671-80. Defendant now moves to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. No opposition has been filed by the plaintiff. For the reasons stated below, the motion to dismiss is granted.

Under the FTCA, a claimant may not bring suit against the United States unless she first exhausts administrative remedies in the manner prescribed by law. 28 U.S.C. §§ 2401(b) and 2675. This exhaustion requirement is jurisdictional. See McNeil v. United

States, 508 U.S. 106, 113 (1993); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). As a result, when a claimant fails to exhaust her administrative remedies before filing suit, the suit must be dismissed for lack of jurisdiction.

Plaintiff's complaint does not allege exhaustion of administrative remedies, and she offers no evidence in response to the motion to dismiss to suggest that she has complied with the exhaustion requirement. In contrast to the plaintiff's silence on this issue, the defendant presents an affidavit of HUD's Regional Counsel, who is charged with processing all FTCA claims for the agency, which attests that HUD has no record of any claim being submitted by the plaintiff. On this record, I am bound to conclude that plaintiff failed to exhaust administrative remedies before bringing this suit and, accordingly, that jurisdiction is lacking.

Accordingly, the motion to dismiss [doc. #20] is hereby granted. The Clerk will enter judgment in favor of the defendant dismissing the complaint for lack of subject matter jurisdiction.

So ordered this 25th day of February 2007.

_____/s/_____
Robert N. Chatigny
United States District Judge